Clayton WAY, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary Department of Corrections, State of Florida, Respondent-Appellee.

No. 85–5272
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 15, 1986.

Calianne P. Lantz, Asst. Atty. Gen., Miami, Fla., for respondent-appellee.

Before GODBOLD, Chief Judge, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

The habeas petition by a Florida prisoner was denied without a hearing.

The district court did not err in holding that petitioner's claim relating to the absence of the trial judge during voir dire was procedurally barred because petitioner did not raise it on direct appeal. The state courts denied this claim on alternative grounds of procedural bar and of waiver by the defendant of the trial judge's presence. In these circumstances the federal habeas corpus must abide by the state court's decision on procedural default, even though waiver arguably goes to the merits. *Dobbert v. Strickland*, 718 F.2d 1518, 1524 (11th Cir.1983). Petitioner cannot escape this procedural default ruling on the basis that, under *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984), there was "cause" for failing to raise the issue of the absence of the judge on direct appeal because the grounds in support of the claim allegedly did not develop under state law until after this appeal. In fact Florida did rule after petitioner's conviction and appeal that a trial judge's presence is required during voir dire, *Peri v. State*, 426 So.2d 1021 (Fla. 3d D.C.A.1983). But even if the claim was not procedurally barred the presence of the judge is waiveable, *Peri*, and the petitioner did waive it. His suggestion that his waiver was not knowing and voluntary has no factual support.

We have examined the allegations of ineffective assistance of counsel. The district court did not err in rejecting this claim.

There is no merit to the contention that the evidence of premeditated murder was insufficient under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The trial judge commented that the evidence of premeditation was thin but that it was sufficient to be submitted to the jury. Under Florida law premeditation can be shown by circumstantial evidence and may be inferred from evidence such as the nature of the weapon used, the presence or absence of provocation, previous difficulties between the parties, the manner in which the homicide was committed, and the nature and manner of the wound inflicted. *Sireci v. State*, 399 So.2d 964, 967 (Fla.1981). Way did not deny killing the victim but rather relied upon alleged provocation consisting of alleged threats to his family by the victim and Way's statement that he considered the victim and the vic-

tim's family dangerous and that they carried firearms. The victim's family denied the threats. Way left his home, where the alleged threats were said to have been made, and armed with the rifle went to a store nearby where he found the victim. He threatened to kill the victim, then shot and killed him, exchanged gunfire with other people in the store, then fled to his home where he was arrested. Witnesses testified that the victim was not armed. This was sufficient evidence under *Jackson* to establish premeditation.

An evidentiary hearing was not required. The claim relating to absence of the judge was, as we have noted, either procedurally barred or waived, and the waiver was apparent on the face of the record.

AFFIRMED.